# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3469

_____

| | | |
|---|---|---|
| Ambrose Okafor Mbonu, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Petition for Review of |
| | * | an Order of the Immigration |
| Immigration and Naturalization | * | and Naturalization Service. |
| Service, | * | |
| | * | [UNPUBLISHED] |
| Respondent. | * | |

_____

Submitted: May 17, 2001

Filed: August 28, 2001

_____

Before MORRIS SHEPPARD ARNOLD and BYE, Circuit Judges, and GAITAN,[1]
    District Judge.

_____

PER CURIAM.

    Ambrose Okafor Mbonu appeals from the decision of the Board of Immigration
Appeals (BIA) denying his petition for asylum. We affirm.

_____

    [1]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the
Western District of Missouri, sitting by designation.

The BIA denied Mr. Mbonu's petition because it found that the evidence did not support his assertions that he was persecuted in the past in his native land of Nigeria and that he had a well-founded fear of future persecution if he returned to Nigeria. *See* 8 U.S.C. § 1158(a)(1), (b)(1), § 1101(a)(42)(A). We believe that these factual findings are supported by substantial evidence in the record. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992).

There is, in fact, very little evidence in the record that Mr. Mbonu was subject to past persecution. He testified that his mother was killed during the Biafran War, which raged from 1967 until 1970, and that his father, an Ibo chief, fled to Cameroon because he feared retaliation from his own tribesmen for the devastating loss of life that occurred during that war. But this testimony provides little proof, if any, that Mr. Mbonu himself was subject to persecution at any time in the past. The BIA, furthermore, rejected as insufficient respondent's testimony that he and his father had been threatened in Nigeria and that his father had received threatening letters in Cameroon, because no details as to the nature or origin of the threats were provided and no description of the letters' contents was offered. We detect similar failings in the record in Mr. Mbonu's effort to prove that he had a well-founded fear of future persecution if he returned to Nigeria more than thirty years after the end of the Biafran War.

Mr. Mbonu makes much of the BIA's reliance on *Matter of S-M-J*, 21 I. & N. Dec. 722 (BIA 1997), in rejecting his claim. In fact, in his brief he says that he was seeking review "solely on the BIA's legal interpretation of [that case] as it pertains to the facts of his case." Referring to Mr. Mbonu's testimony that the Nigerian army dropped a bomb on his house that killed his mother, the BIA cited *Matter of S-M-J* in support of its conclusion that "[w]e can not find the respondent's single statement to be sufficient evidence to support a finding that the Nigerian army singled out the respondent's family for persecution."

We see no misapplication of *S-M-J* in this instance, even if an agency's misapplication of its own precedent could by itself be a reason for reversing an agency's adjudication. The BIA was simply saying that assuming Mr. Mbonu's testimony was true, it was not enough to establish that he had been persecuted; the BIA was not saying that the testimony was insufficient to establish the facts that it contained.

We have examined Mr. Mbonu's other arguments and have found them to be meritless. We therefore affirm the order of the BIA.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.